## Jacob R. Bowser v. Albert H. Birdsell.

*Conversion by re-sale—Cancellation of purchaser's obligations.*

It is a conversion for the vendor of chattels, after receiving a part of the purchase price, to sell them to a third person on the failure of the first purchaser to take them promptly away at a time fixed. But if the vendor offers to return what was paid and the purchaser refuses to receive it, but in an action for the damages fails to show that he lost more by the conversion, he can only recover the amount so paid and defendant is entitled to the costs of the suit.

A purchaser's liability for any part of the purchase price is cancelled by the vendor's wrongful resale of the goods.

Case made from Kent. Submitted June 16. Decided June 21.

TROVER. Defendant had judgment below. Reversed.

*Sliter & Rodgers* for plaintiff.

*D. E. Corbitt* for defendant.

GRAVES, C. J. This action was commenced before a justice of the peace, and being taken up by appeal and tried without a jury in the circuit court the judge made a special finding of facts and decided against the plaintiff. He contends that the judgment is wrong and that the facts entitled him to recover. Is this claim valid?

The suit was brought to obtain damages for an alleged conversion by defendant of a hog he had just sold to the plaintiff. The dispute below seems to have been mainly if not entirely on the question whether the property in the animal passed by the trade. The judge found that the plaintiff said he would give eight dollars and seventy-five cents and the defendant said he would take it, and that the plaintiff at once paid and the defendant received five dollars of the purchase price, and the plaintiff said he would call the next Monday and pay the remaining three dollars and seventy-five cents and take the hog away, and requested the defendant to keep it well, and stated that he would pay " extra what it was worth." The plaintiff failed to call on Monday, and on Tuesday the defendant sold to another person. The plaintiff called soon after and was informed of the second sale, and the defendant offered to return the five dollars, but the plaintiff refused to accept the money and insisted on his purchase, and immediately began this suit.

There is no distinct finding of damages or of value. But we have the price which was agreed on and the fact that the plaintiff paid $5. We are satisfied that the effect of what took place between the parties was to pass the property in the hog to the plaintiff, and that the second sale was a conversion.

The question in the case is what judgment ought to be given. The controversy is between buyer and seller, and not between the buyer and a third person. The sum invested by the plaintiff was only five dollars, and so far as appears this is all he had to lose through the conversion by the defendant. The latter was still entitled to be paid the rest of the purchase money, but the liability of the plaintiff to pay it was cancelled by defendant's resale or conversion.

Had the conversion been the act of a stranger the plaintiff's liability for the $3.75 would have remained, and his loss would have been so much greater. As it was, there is nothing to show that he is out of pocket for more than the $5. But this we think he ought to recover. Nothing has occurred to forfeit it; and, according to the case, it would seem to be the very damage he suffered by the defendant's conversion.

The question of costs depends on different considerations. They seem to have arisen as a consequence of his acting in his own wrong. The defendant offered to return the amount he had paid, but he refused it. It could not be forced upon him, and after having litigated the matter he fails to show that he was entitled to anything more. Under these circumstances we think he ought to pay the defendant's costs. He may well be left to take all the responsibility so far as they are concerned, since upon the facts he seems to have forced the defendant into court notwithstanding that the latter offered to render justice to him.

The judgment given below for the defendant must be reversed and one entered here in favor of the plaintiff for five dollars and in favor of the defendant for the costs of both courts.

COOLEY and CAMPBELL, JJ. concurred.